UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.

ERNEST GREEN,
    a/k/a "Ern,"
RODSHAUN BLACK,
    a/k/a "Rashaun Black" a/k/a "Shaun,"
DANIEL RODRIGUEZ
    a/k/a "Danny," and
AMILCAR RAMOS,
    a/k/a "Gotto,"

        Defendants.

**DECISION AND ORDER**
12-CR-83S (1)(2)(3)(5)

## I. INTRODUCTION

On October 19, 2017, this Court denied the severance motions filed by Defendants Ernest Green, Rodshaun Black, Daniel Rodriguez, and Amilcar Ramos.[1] (Docket No. 574.) Thereafter, Defendants alerted this Court to additional severance issues set forth in a sealed submission, which the government had filed out of time. (Docket Nos. 431, 435, 577.) After receipt of supplemental briefing, this Court notified the parties that the remaining requests for severance would be denied, with a decision to follow. (Docket Nos. 584, 594, 597, 601.) This is that decision.

## II. DISCUSSION

To begin, this Court incorporates its previous decision denying Defendants'

---

1 In a separate Decision and Order, this Court granted Defendant John W. Coronado, Jr.'s motion to sever. (Docket No. 571.)

1

motions for severance and presumes familiarity with the underlying facts of the case and arguments for severance. (Docket No. 574.)

Remaining at issue are Defendants' arguments that severance is required because the government intends to introduce cooperating-witness and co-defendant statements in the joint trial that will violate their Confrontation Clause rights and will unfairly prejudice them, both through "spillover" prejudice and under Rule 403 of the Federal Rules of Evidence. The government argues that severance is not required, because the statements at issue do not implicate Defendants' Confrontation Clause rights and are not unfairly prejudicial, either as "spillover" prejudice or under Rule 403.

Properly joined offenses or defendants may be severed if joinder results in prejudice to a defendant or the government. Fed. R. Crim. P. 14 (a). In such a case, the court may provide any relief that justice requires, including ordering separate trials of counts or severing the defendants' trials. Id. But "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993).

At issue are two groups of statements: cooperating-witness statements (Docket No. 584-1) and co-defendant statements (Docket No. 584-2). The cooperating-witness statements involve statements made by Defendants to cooperating witnesses that incriminate themselves or their co-defendants. The co-defendant statements involve statements that Defendants made to law enforcement that also implicate their co-

2

defendants.

A.  **Cooperating-Witness Statements**

The cooperating-witness statements do not raise confrontation issues or require severance. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. Known as the Confrontation Clause, this trial right "prohibits the introduction of testimonial statements by a nontestifying witness, unless the witness is 'unavailable to testify, and the defendant had a prior opportunity for cross-examination." Ohio v. Clark, __ U.S. __, 135 S. Ct. 2173, 2179, 192 L. Ed. 2d 306 (2015) (citing Crawford v. United States, 541 U.S. 36, 54, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004)).

What constitutes a "testimonial" statement is a matter of much discussion. See, e.g., Clark 135 S. Ct. at 2179-2180 (discussing Confrontation Clause jurisprudence). In short, "the question is whether, in light of all the circumstances, viewed objectively, the 'primary purpose' of the conversation was to 'creat[e] an out-of-court substitute for trial testimony.'" Clark, 135 S. Ct. at 2180 (quoting Michigan v. Bryant, 562 U.S. 344, 358, 131 S. Ct. 1143, 179 L. Ed. 2d 93 (2011)).

The cooperating-witness statements here do not pose Confrontation Clause problems because they are not testimonial statements. See United States v. Williams, 506 F.3d 151, 156 (2d Cir. 2007) (noting that "the Confrontation Clause simply has no application to nontestimonial statements); United States v. Esparra, No. 12 Cr. 844 (RWS), 2014 WL 1569607, at *4 (S.D.N.Y. Apr. 17, 2014) ("[B]ecause statements to associates about crimes in which the declarant participated are not testimonial, the

admission of such statements does not violate the Confrontation Clause.") (citing Williams, 506 F.3d at 157).

In United States v. Pike, the Second Circuit held that a defendant's statement to a fellow inmate is not testimonial, because the defendant, while incarcerated, would have no reason to believe it would be used in a judicial proceeding. 292 Fed. Appx. 108, at *2 (2d Cir. 2008) (summary order). The court therefore found that admission of the statement into evidence did not violate either Bruton[2] or Crawford.[3] Id. Similarly here, Defendants made statements to individuals with no reason to believe those statements would be used in a judicial proceeding. They are therefore non-testimonial statements and their admission into evidence is not barred by the Confrontation Clause.

Consequently, to the extent Defendants argue that a joint trial will infringe their right to confrontation as it relates to the cooperating-witness statements, that argument fails.

Defendants further argue that severance is required because the introduction of the cooperating-witness statements into evidence will unfairly prejudice them, either as "spillover" prejudice or under Rule 403. To be sure, the fact that these statements are not barred by the Confrontation Clause does not mean that they are necessarily admissible under the Federal Rules of Evidence. The government will still have to

---

[2] 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968).

[3] Defendants discount Pike because it is a summary order. True as that may be, it nonetheless constitutes persuasive circuit authority upon which lower courts may rely. See Perkins v. United States, 16-CV-495 (LJV), 2017 WL 3326818, at *4 (W.D.N.Y. Aug. 4, 2017) (noting that summary orders have persuasive value, despite not being precedential decisions).

establish an appropriate exception for their admission under the rules, such as under Rule 804 (b)(3), as was done in Pike. Defendants are, or course, free to challenge the government's offer of evidence as unreliable and untrustworthy. See Fed. R. Evid. 804 (b)(3)(B).

At this point, this Court cannot adequately assess Defendants' Rule 403 arguments. Until such time as the government offers a specific statement and establishes the circumstances under which the statement was made, this Court cannot determine admissibility or conduct a proper Rule 403 analysis. As to "spillover prejudice," however, a limiting instruction to the jury will ameliorate any risk of unfair prejudice to Defendants. See United States v. Page, 657 F.3d 126, 129 (2d Cir. 2011) (noting that limiting instructions often will suffice to cure any risk of prejudice and permit joinder); United States v. Rittweger, 524 F.3d 171, 179 (2d Cir. 2008) (rejecting claim of prejudicial spillover where "the district court gave limiting instructions throughout the trial explaining when evidence could not be considered against a particular defendant, and the jury charge carefully explained that the jurors must consider the case against each defendant separately").

Accordingly, this Court finds that the possible introduction of cooperating-witness statements into evidence does not require severance, nor is there any basis for preclusion of this evidence at this time.

## B. Co-Defendant Statements

The co-defendant statements raise confrontation issues under Bruton but do not require severance. "The crux of [the Confrontation Clause] is that the government

5

cannot introduce at trial statements containing accusations against the defendant unless the accuser takes the stand against the defendant and is available for cross examination." United States v. Jass, 569 F.3d 47, 55 (2d Cir. 2009) (internal quotation marks omitted). In Bruton, the Supreme Court recognized the risks posed by "powerfully incriminating extrajudicial statements of a co-defendant, who stands accused side-by-side with the defendant," which are then "deliberately spread before the jury in a joint trial." 391 U.S. at 135-36. Thus, when a testimonial statement of a defendant implicates one or more of his co-defendants, Bruton demands "a redaction and substitution adequate to remove the 'overwhelming probability' that a jury will not follow a limiting instruction that precludes its consideration of a redacted confession against a defendant other than the declarant." Jass, 569 F.3d at 60.

Bruton error may be avoided if the redactions and substitutions employ words "that might actually have been said by a person admitting his own culpability in the charged conspiracy while shielding the specific identity of his confederate." Id. at 62. Along these lines, the Second Circuit has allowed proper names to be replaced with terms such as "another person," id. at 59; "others," "other people," and "another person," United States v. Tutino, 883 F.2d 1125, 1135 (2d Cir. 1989); the pronoun "he," United States v. Kyles, 40 F.3d 519, 526 (2d Cir. 1994); "this guy," "another guy," and "similar language," United States v. Williams, 936 F.2d 698, 699, 701 (2d Cir. 1991); and "friend," United States v. Benitez, 920 F.2d 1080, 1087 (2d Cir. 1990).

But "redacted confessions 'that simply replace a name with . . . obvious indications of alteration' fall within Bruton because they 'refer[ ] directly to the "existence" of the

6

nonconfessing defendant.'" Jass, 569 at 58 (quoting Gray v. Maryland, 523 U.S. 185, 192, 118 S. Ct. 1151, 140 L. Ed. 2d 294 (1998)). Substitutions cannot be "so conspicuously awkward" that the alteration becomes obvious. Jass, 569 F.3d at 61. In United States v. Taylor, for example, the court found that the substituted Bruton statements—e.g., "The robbery was the idea of the person who waited with Luana Miller and Taylor at the gas station"—impermissibly "suffer[ed] from stilted circumlocutions." 745 F.3d 15, 28-29 (2d Cir. 2014) (also rejecting the "mechanical substitution" of an individual's role for the individual's name).

This Court's review of the co-defendants' statements at issue (Docket No. 584-2) reveals that some redaction will be necessary to comply with Bruton. For example, in the Buffalo Police Department report regarding the interview of Defendant Green (Docket No. 584-2, p. 2), the references to Defendant Rodriguez must be redacted, because Green implicitly implicates Rodriguez when he mentions his name and refers to him as a "co-defendant" immediately before discussing Harper's murder. See Ryan v. Miller, 303 F.3d 231, 248 (2d Cir. 2002) ("To implicate the defendant's confrontation right, the statement need not have accused the defendant explicitly but may contain an accusation that is only implicit.") Portions of Defendant Black's interview with police may also have to be redacted, particularly where Black tells the interviewer to "check Ern's . . . tattoo" to "know the truth" about Harper's murder. (Docket No. 584-2, p. 5.) Other portions of the statements may also require redaction. Before the government offers any of the statements or portions of the statements set forth at Docket No. 584-2 into evidence, this Court will hear argument concerning the need for and sufficiency of any Bruton redactions

or substitutions.

Finally, as noted above, this Court will resolve any arguments under Rule 403 at trial and finds that any possible "spillover" prejudice stemming from the introduction of this evidence will be cured by limiting instructions.

Accordingly, this Court finds that the possible introduction of co-defendant statements, sufficiently sanitized to comply with Bruton, where necessary, does not require severance, nor is there any basis for preclusion of this evidence at this time.

### III.  CONCLUSION

For the reasons set forth above, Defendants' remaining requests for severance are denied.

### IV.  ORDERS

IT HEREBY IS ORDERED, that Defendants' remaining requests for severance are DENIED.

SO ORDERED.

Dated:      October 27, 2017
            Buffalo, New York

                                              /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge