UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.

ERNEST GREEN,
     a/k/a "Ern,"
RODSHAUN BLACK,
     a/k/a "Rashaun Black" a/k/a "Shaun,"
DANIEL RODRIGUEZ
     a/k/a "Danny," and
AMILCAR RAMOS,
     a/k/a "Gotto,"

                Defendants.

**DECISION AND ORDER**
12-CR-83S (1)(2)

Defendants Ernest Green and Rodshaun Black move under *Massiah v. United States* to suppress any testimony by government witness Timothy Ernle concerning admissions that Green and Black allegedly made to him while they were incarcerated together. 377 U.S. 201, 206, 84 S. Ct. 1199, 12 L. Ed. 2d 246 (1964). Alternatively, Defendants move for a hearing to determine the admissibility of these statements under *Massiah*. For the following reasons, both requests are denied.

According to the motion papers and representations made at trial,[1] Green and Black spoke separately to Ernle about their involvement in this case while they were incarcerated. Ernle is apparently regarded as a "jailhouse lawyer." Green and Black separately approached Ernle for information about the Hobbs Act after having been referred to him by other inmates.[2] Green and Black maintain that Ernle subsequently

---

[1] Defendant Green filed a written *Massiah* motion during trial. (Docket No. 680.) Defendant Black orally joined Green's motion at trial and indicated that the basis for his motion was identical to Green's, except for the dates on which he spoke to Ernle.

[2] Defendants Green and Black are both charged in this case with multiple Hobbs Act violations.

1

solicited information from them regarding the facts and circumstances of the crimes charged in the indictment and their alleged involvement in those crimes.  Ernle thereafter met with the government to share the information he had learned from Green and Black, as well as information he had learned from other inmates who had sought his advice about their crimes and cases.  Although Green and Black spoke with Ernle at different times, their interactions with Ernle occurred after they were indicted in this case and while they were represented by counsel.  Their Sixth Amendment rights to counsel therefore had attached.

Defendants contend that Ernle, acting as a government agent, violated their Sixth Amendment rights when he solicited statements and information from them that he later provided to the government.  They contend that Ernle is a government agent because Ernle (1) had previously entered into a proffer agreement wherein he agreed to provide the government with information about any criminal matters that he knew about, and (2) had a history of providing information to the government extending as far back as 1991.  Defendants therefore maintain that Ernle's testimony concerning their admissions should be suppressed under *Massiah*.

Circuit Judge Dennis Chin succinctly summarized the *Massiah* doctrine as follows:

> In *Massiah v. United States,* the Supreme Court held that a defendant's Sixth Amendment right to counsel is violated when a private individual, acting as a government agent, "deliberately elicit[s]" incriminating statements from the accused.  377 U.S. 201, 206, 84 S. Ct. 1199, 12 L. Ed. 2d 246 (1964).  *Massiah* applies where the government uses an informant "to circumvent the Sixth Amendment right to counsel."  *Illinois v. Perkins,* 496 U.S. 292, 299, 110 S. Ct. 2394, 110 L. Ed. 2d 243 (1990).  The *Massiah* rule, however, covers only those statements that are obtained as a result of intentional government conduct.  *United States v. Stevens,* 83 F.3d 60, 64 (2d Cir. 1996).  "[A] defendant does not make out

> a violation . . . simply by showing that an informant, either through prior arrangement or voluntarily, reported his incriminating statements to the police." *Kuhlmann v. Wilson,* 477 U.S. 436, 459, 106 S. Ct. 2616, 91 L. Ed. 2d 364 (1986). A violation occurs only when the government uses "investigatory techniques that are the equivalent of direct police interrogation." *Id.* There is no violation where the informant merely acts as a passive "listening post." *Smith v. Fischer,* 957 F. Supp. 2d 418, 439 (S.D.N.Y. 2013); *see also United States v. Birbal,* 113 F.3d 342, 345–46 (2d Cir. 1997); *Stevens,* 83 F.3d at 64–65.

*United States v. Espinal*, 96 F. Supp. 3d 53, 63–64 (S.D.N.Y. 2015) (Chin, J., sitting by designation).

Even assuming the truth of the facts as Defendants allege them, this Court finds no Sixth Amendment violation or need for a hearing. *Massiah* does not prohibit the introduction of statements that are not elicited by government action. *See United States v. Henry*, 447 U.S. 264, 276, 100 S. Ct. 2183, 65 L. Ed. 2d 115 (1980). Nowhere in the factual scenario alleged by Defendants is there any suggestion or allegation that the government or any law enforcement agent acted intentionally to enlist Ernle to gather information from Defendants in order to circumvent their right to counsel. No intentional conduct by the government is alleged at all. The only connection to the government is that Ernle signed a general proffer agreement and had assisted the government in the past. This unconnected involvement with the government does not render Ernle a government agent in this case and is insufficient to warrant a hearing.

This conclusion is supported by the facts as alleged. There is no indication whatsoever that the government instructed Ernle to obtain information from Defendants. If the government had done so, one would expect that Ernle would have initiated contact with Defendants. But here, Defendants sought out Ernle specifically to discuss their

cases with him, not the other way around. Defendants thus voluntarily engaged with Ernle. Moreover, there is no allegation or suggestion that these discussions, which Defendants sought, ever became the functional equivalent of direct police interrogation. *Id.* And even assuming that Ernle deliberately elicited incriminating information from Defendants thinking that he could ultimately provide it to the government, there is no indication—and Defendants do not contend—that he did so at the government's specific direction. *See Kuhlmann,* 477 U.S. at 459 (no Sixth Amendment violation where an informant voluntarily reports incriminating statements to the police).

Thus, even assuming that Defendants could prove their allegations at a hearing, the facts support, at best, the conclusion that Ernle was an opportunist, not that he was a government agent under *Massiah*. Ernle may have acted in his own self-interest when Defendants sought his advice and discussed the facts and circumstances of their cases with him, but there is simply no basis to conclude that Ernle was acting at the behest of the government at that time. Consequently, because Defendants have made an inadequate showing that the government intentionally used an informant to circumvent their Sixth Amendment rights to counsel, their motion is denied in all respects. *See Maine v. Moulson*, 474 U.S. 159, 176, 106 S. Ct. 477, 88 L. Ed. 2d 481 (1985) ("[T]he Sixth Amendment is violated when the State obtains incriminating statements by knowingly circumventing the accused's right to have counsel present in a confrontation between the accused and a state agent.").[3]

---

[3] The government additionally contends that Defendants' motion should be denied as untimely. Because Ernle was a protected witness, it is not entirely clear to this Court when Defendants received sufficient information to make their *Massiah* motion. While further development of the record may prove Defendants' motion untimely, this Court finds it most expedient to resolve the motion on the merits since Ernle's testimony is imminent.

IT HEREBY IS ORDERED, that Defendants' Motion to Suppress (Docket No. 680) is DENIED.

SO ORDERED.

Dated:      November 30, 2017
            Buffalo, New York

                                            /s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                            United States District Judge